[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant proceeding is a foreclosure action against property located in the Town of Redding. The defendants argue that paragraph two money damages," should be stricken from the plaintiff's prayer for relief because "[a]n action to foreclose [a] mortgage and an action upon the [promissory] note are . . . two separate and distinct causes of action. [However,] both may be pursued in a foreclosure action . . . under separate counts." (Defendant's memorandum, p. 5.) The defendants, citing § 49-14
(a) of the General Statutes, further argue that in a foreclosure action the only legal remedy available to a plaintiff is a CT Page 15366 deficiency judgment. (See id, p. 6.) Section 49-14 (a) allows a plaintiff to file a motion for deficiency judgment "any time within thirty days after the time limited for redemption has expired." It does not, however, preclude other remedies in a foreclosure action.
The plaintiff argues that because the complaint, in setting out the prayer for damages, mirrors Practice Book Form 704.31 entitled Foreclosure of Mortgage and a "leading treatise on Connecticut foreclosure law, Connecticut Foreclosures by Denis Caron," the prayer should not be stricken. (Plaintiff's memorandum, p. 2.) However, in referring to Form 704.31 in his treatise, Mr. Caron indicates that the "prayer for relief [in Form 704.31], i.e. `damages,' is generally inappropriate inasmuch as a foreclosure sounds in equity and the only legal relief available is for a deficiency judgment. Such relief is customarily specifically requested rather than sought simply as damages. . . . Money damages are only an ancillary claim for relief in a foreclosure . . . ." D. Caron, Connecticut Foreclosures (3d Ed. 1997) § 4.10, p. 107.
The plaintiff further argues that because foreclosure is an equitable remedy, the failure to seek money damages would preclude the court from entering judgment for the amount of the debt owed by defendant. This conclusion is false, as our Supreme Court recently stated: "[i]t is also established law, however, that, upon the default of the mortgagor, the mortgagee has multiple remedies against both the mortgagor and the mortgaged property. [T]he plaintiff is entitled to pursue its remedy at law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both. . . . [I]n this State, action forforeclosure of the mortgage and upon the note are regarded andtreated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit." (Internal quotation marks omitted; emphasis added.) New Milford SavingsBank v. Jajer, 244 Conn. 251, 266-67 (1998), on remand,52 Conn. App. 69 (1999).
Finally, the plaintiff argues that the defendant is seeking to strike the entire prayer for relief and thereby deprive the plaintiff of its right to a deficiency judgment. Although the caption of the motion to strike is ambiguous, the text of the motion attacks only the plaintiff's prayer for money damages. Furthermore, the plaintiff's right to obtain a deficiency judgment does not depend on the existence of a prayer for money CT Page 15367 damages, therefore, striking the prayer will not prejudice the plaintiff's ability to obtain a deficiency judgment.
This court finds that although the plaintiff may bring, in a single suit, a foreclosure action seeking a deficiency judgment and an action on the note seeking damages, the latter claim must be set forth in a separate and distinct cause of action which is not the case in the instant complaint. The motion to strike the prayer for money damages is, accordingly, granted.
Moraghan, J.